**Benny P. MARTINEZ, Appellant,**

v.

**Wayne K. PATTERSON, Warden of the Colorado State Penitentiary, Appellee.**

**No. 9471.**

United States Court of Appeals
Tenth Circuit.

Oct. 4, 1967.

Stephen M. Blaes, Wichita, Kan., for appellant.

James F. Pamp, Asst. Atty. Gen., Denver, Colo. (Frank E. Hickey, Deputy Atty. Gen., and Duke W. Dunbar, Atty. Gen., Denver, Colo., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

The appeal is from an order denying habeas corpus to a state prisoner because he had failed to exhaust his available state court remedies.

Appellant was sentenced in a state court, after a plea of guilty, to not less than 15 nor more than 30 years for the crime of forcible rape. He thereafter filed a petition for a writ of habeas corpus in the sentencing court, which petition was considered by such court under Rule 35(b), Colo.R.Crim.P., and after a hearing the requested relief was denied. No appeal was taken from this denial to the Colorado Supreme Court but Martinez did thereafter file an original habeas corpus proceeding in that court. That habeas proceeding was dismissed by the Colorado Supreme Court on the ground that Martinez's remedy was under Rule 35(b) and not by habeas corpus. Appellant then filed his petition for habeas corpus in the United States District Court for the District of Colorado, which was dismissed, as set out above, and this appeal resulted.

Under Colorado law, Martinez had six months from January 25, 1967, or until July 25, 1967, to file an appeal from the ruling of the state sentencing court. On March 23, 1967, the date of the order here appealed from, Martinez still had four months within which to appeal the order of the sentencing court to the Colorado Supreme Court.

The facts here are very similar to those in Henry v. Tinsley, Warden, 10 Cir., 344 F.2d 109, in which this court stated, "The disposition by the state supreme court of the habeas corpus petition did not satisfy the requirement of exhaustion of state remedies because in Colorado habeas corpus is not a substitute for review by writ of error." Viewing the uncontradicted procedural facts here in the light of 28 U.S.C. § 2254, as elaborated upon in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837,[1] together with Henry v. Tinsley, we must conclude that Martinez at the time he filed his petition in the federal court had failed to exhaust his available state remedies.

Affirmed.

---

1. The Court there at page 435, 83 S.Ct. at p. 847, said that § 2254 "is limited in its application to failure to exhaust state remedies still open to the habeas applicant at the time he files his application in federal court."