UNITED STATES of America ex rel. Willard L. AUSTIN, Petitioner,

v.

Raymond W. ANDERSON, Warden New Castle Correctional Institution, Respondent.

No. 97.

United States District Court
D. Delaware.

Jan. 6, 1969.

Willard L. Austin, pro se.

## OPINION AND JUDGMENT

LATCHUM, District Judge.

Willard L. Austin, a state prisoner, has filed an unverified petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Leave was granted to file the petition *in forma pauperis*. Petitioner seeks federal habeas corpus relief from a revocation of parole[1] on a 1966 assault and battery conviction in the Family Court of the State of Delaware in and for New Castle County.[2] The grounds for relief stated in his petition are essentially the same as those presented in a previous habeas corpus petition[3] to the Superior Court of the State of Delaware in and for New Castle County (C.A.No. 3249, 1968). Following the hearing on that petition, the Superior Court entered an order on December 16, 1968 denying the writ. An examination of the records in the Superior Court (C.A. No. 3249, 1968) indicates that no appeal has been taken to the Supreme Court of Delaware by Austin from the order denying the writ. The right to such an appeal lies under the provisions of Art. 4 § 11(1) (a) of the Delaware Constitution, Del.C.Ann., and an appeal may be taken within 60 days after December 16, 1968. 10 Del.C. § 148.

■ 28 U.S.C. § 2254(b) prevents habeas corpus relief by this Court unless it appears that the petitioner has exhausted the remedies available to him in the state courts. Since the record is clear that Austin has not exhausted his state remedies in respect to the issue presented here and that ample time exists for him to do so, the instant petition will be dismissed and the writ denied. Martinez v. Patterson, 382 F.2d 1002 (C.A. 10, 1967); Goodwin v. Holman, 361 F.2d 403 (C.A. 5, 1966); United States ex rel. Lyle v. Carney, 277 F.Supp. 250 (W.D.Pa., 1967); Strowder v. Shovlin, 272 F.Supp. 271 (M.D.Pa., 1966), aff'd on other grounds, 380 F.2d 370 (C.A. 3, 1967).

■ No probable cause exists for an appeal. Fitzsimmons v. Yeager, 391 F. 2d 849 (C.A. 3, 1968).

## JUDGMENT

Therefore, finding that the petitioner has not exhausted his state remedies and ample time exists for him to do so, it is ordered and adjudged (a) that the petition for habeas corpus be dismissed and the writ denied and (b) that a certified copy of this opinion and judgment be sent by the Clerk to the petitioner and respondent.

1. Although the petitioner had actually been free from incarceration on a "conditional release" and not on "parole", as those terms are defined in the statute (11 Del.C. § 4302), the term "parole" will be used throughout this opinion to avoid confusion.

2. The 1966 conviction was based on petitioner's plea of guilty.

3. Only one issue was raised by Austin in his petitions both to the state court and to this court: that the revocation of his parole was invalid because he was not shown or required to sign a document stating the conditions of his release. At oral argument in Superior Court, petitioner's attorney presented two additional issues which are not raised in the instant petition: (1) that Austin had a right to an appointed attorney at his revocation hearing and (2) that the parole board should not have acted until the sanity issue was resolved in Family Court.