**UNITED STATES of America ex rel. Anthony HAWKINS, Petitioner,**

v.

**Raymond W. ANDERSON, Respondent.**

**No. 164.**

United States District Court, D. Delaware.

May 23, 1972.

**201**

Anthony Hawkins, pro se.

## MEMORANDUM OPINION AND JUDGMENT

LATCHUM, District Judge.

Anthony Hawkins ("Hawkins"), a State prisoner, has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was permitted to proceed in *forma pauperis*.

Hawkins and a co-defendant, Cleveland Reed, were convicted in the Superior Court of the State of Delaware for armed robbery upon a Wilmington merchant, Max Feldman ("Feldman"). Petitioner was sentenced to ten years imprisonment and placed in the custody of the respondent at the Delaware Correctional Center. His conviction was affirmed by the Delaware Supreme Court.

Hawkins v. State of Delaware, 281 A.2d 142 (Del.Supr.1971).

Petitioner advances the following three reasons why the writ should issue:

First, Hawkins contends that following his arrest, while he was in custody, the robbery victim made an out-of-court identification of Hawkins from photographs, without the presence of Hawkins and his counsel in violation of the rule laid down in United States v. Zeiler, 427 F.2d 1305 (C.A. 3, 1970).[1]

Second, that the photographic identification of Hawkins by the victim from the batch of ten photographs shown was impermissibly suggestive contrary to the rule in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) because the photograph of Hawkins and the one of Reed, his co-defendant, carried a date of 8/10/68 (the day following the robbery) while the other eight photographs shown to the victim bore considerably earlier dates.[2]

Third, that his initial arrest was illegal because the police lacked probable cause to make it.

With respect to petitioner's first two contentions this Court finds that neither of these questions was raised or passed upon by the State Courts. Hawkins appealed to the Delaware Supreme Court "on the grounds of unlawful arrest, procurement of evidence during unlawful detention, and failure to give proper *Miranda* warnings." Hawkins v. State of Delaware, supra, 281 A. 2d at 144. Thus, it is clear that petitioner has failed to exhaust his available State remedies as required by 28 U.S.C. § 2254(b). United States ex rel. Austin v. Anderson, 293 F.Supp. 1356 (D.Del. 1969).

1. United States v. Zeiler was reversed by the United States Court of Appeals For the Third Circuit, sitting *en banc*, in United States ex rel. Reed v. Anderson, 461 F.2d 739 (C.A.3, 1972).

2. The dates appearing on the eight photographs shown to the victim were: 6/29/57, 12/21/62, 12/21/62, 10/3/63, 5/20/64, 7/1/64, 9/29/64 and 12/30/66. Trial Transcript of State Court ("Tr") p. 24.

The requisite exhaustion of State remedies required by 28 U.S.C. § 2254(b) has been shown with respect to his third contention. However, an examination of the State Court records fully supports the Delaware Supreme Court's finding that Hawkins was legally arrested. The record clearly shows that shortly after the robbery, the police received a "tip" from an informer, whose past reliability had been confirmed, which implicated Reed and Hawkins. (Tr. 30, 35–38). The police proceeded to Reed's house and arrested him upon the basis of a sworn statement of a bank official, which the police had on file, charging a bank forgery by Reed. (Tr. 30, 33, 34). Hawkins, Reed's brother-in-law, lived in the same house with Reed. (Tr. 212). Hawkins, who was found in the side alley of Reed's residence, was also arrested on a charge of hindering a police officer in the performance of his duties by falsifying his age in response to the officer's questions. (Tr. 31, 43, 53–55). The arrest was based on Wilmington City Ordinance 105 § 3 which provides: "Whoever shall knowingly furnish, give or make any false, misleading or unfounded report to a police officer, which interferes with or hinders the proper operation of a police officer's duty or his investigation shall be guilty of a misdemeanor." Hawkins was 18 years old but informed the officer that he was only 15. (Tr. 53–54). He thereafter admitted his true age of 18. (Tr. 54).

Hawkins' arrest was not pursuant to an arrest warrant. (Tr. 43).

Under Delaware law, an arrest without a warrant is valid in the case of a misdemeanor when the offense is committed in the officer's presence. 11 Del.C. § 1906. Federal constitutional law permits an arrest without a warrant where the arresting officer has "probable cause" to make an arrest, that is, whenever "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964).

In this case when the officer confronted Hawkins in his investigation of the robbery and Hawkins admittedly lied about his age indicating that he was a minor under 18 years of age when in fact he was not, the officer had sufficient cause to make an arrest without a warrant for the misdemeanor which took place in his presence.[3] Wilmington City Ordinance 105 § 3. Hawkins' arrest was therefore lawful and his detention was legal for the short period of time that he was interrogated prior to his confession of his part in the robbery for which he was later charged and convicted.

No probable cause exists for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849, 854 (C.A. 3, 1969).

3. Under Delaware law, a minor offender under 18 years of age is a juvenile delinquent subject to the processes and procedures of the Family Court, whereas an 18 year old offender is subject as an adult to the ordinary criminal justice processes. A police officer's duties vary from each such situation, commencing with arrest and the procedures to be followed immediately thereafter. Thus, in any criminal investigation, it is extremely important for the police officer to ascertain the true age of the person under investigation.