**STATE of Delaware**

v.

**Michael MANLEY and David Stevenson, Defendants.**

Nos. 9511007022, 9511006992.

Superior Court of Delaware, New Castle County.

Submitted: Sept. 11, 1996.
Decided: Sept. 17, 1996.

---

**37.** *Huddell,* 537 F.2d at 735.

**38.** *Id.* at 738.

Ferris W. Wharton, Chief Prosecutor for New Castle County, and Robert H. Surles, Deputy Attorney General, Wilmington, for the State.

Anthony A. Figliola, Jr. and Thomas A. Foley, Wilmington, for Defendant Manley.

J. Dallas Winslow, Jr. and Timothy H. Weiler, Assistant Public Defenders, Wilmington, for Defendant Stevenson.

## OPINION

### I. BACKGROUND

BARRON, Judge.

Before the Court is defendant Stevenson's Motion to Suppress filed with the Court on August 28, 1996. The defendant contends that his November 13, 1995, arrest was illegal and without probable cause. He wants suppression of evidence collected as a result of said illegal arrest. Further, the defendant contends that the police illegally searched and seized his vehicle without a warrant and in the absence of exigent circumstances. The vehicle, a 1989 Mercury Topaz, Delaware registration 727970, was thereafter removed to New Castle County Police Headquarters where, once a search warrant was obtained, a more thorough search was undertaken.[1] The defendant contends that the affidavit of probable cause is deficient on its face and was based on information obtained as a result of the warrantless illegal arrest of the defendant and illegal search of the vehicle. He therefore moves for the suppression of all evidence seized as a result of the defendant's arrest and as a result of the search and seizure of the vehicle.

The State responded with a somewhat unusual stance: The State argued that since the facts as shown in the existing record[2] demonstrate obvious probable cause to arrest the defendant and since the search warrant's affidavit sets forth obvious probable cause for the search of the vehicle when utilizing the four-corners test, no hearing is even necessary on the defendant's suppression motion.

---

1. The facts of record indicate that no search of the vehicle was conducted until after its removal to police headquarters and a search warrant pertaining to the vehicle had been secured from a Justice of the Peace.

2. The current record consists of the facts as set forth in the transcript of the defendant's November 20, 1995, Preliminary Hearing, and in the transcript of the defendant's February 2, 1996, Proof Positive Hearing. Further, defense counsel for defendant Stevenson provided the Court with a copy of the search warrant with affidavit of probable cause.

The Court decided to review the current record to determine if there was, in fact, a need for a hearing on the defendant's motion. The Court gave the defendant until September 11, 1996, to supplement his motion with allegations based upon facts not contained in the current record. Counsel for the defendant responded by letter dated September 11, 1996. In the response, counsel indicated that the defendant wished to supplement the record "with the testimony of the Wilmington Police Department arresting officers and the driver of the Dart bus on which he was a passenger. It would, therefore, seem that a hearing is necessary." Defense counsels' request for a hearing to supplement the record alleged no facts which, if proved, would require the granting of the motion to suppress. Therefore, the Court will undertake a review of the existing record.

The Court has carefully reviewed the preliminary hearing transcript, the proof positive hearing transcript and the affidavit of probable cause attached to the November 13, 1995, search warrant. A summary of the facts as contained in the record is presented below.

## II. FACTS OF RECORD

The alleged murder of Kristopher Heath was reported at approximately 7:40 a.m. on November 13, 1995. The victim was killed by five gunshot wounds, three of which were to his back and one of which was to his head. The incident occurred in the parking lot of the Cavaliers County Club Apartments in front of Building 13, on Capano Drive.

3. Mr. Stevenson has, in the past, used the name Brown.

4. Defendant Manley did not file his own motion to suppress. Instead, he joined in support of defendant Stevenson's motion.

5. Mr. Stevenson was placed in a police vehicle. After the defendant exited said vehicle, the police discovered a piece of paper with the name of Parminder Chona on it. Mr. Chona's address and phone number were also noted on the piece of paper. Mr. Chona was a security guard at Macy's in Christiana Mall. Mr. Heath was also with Macy's security. On the morning of November 13, 1995, the defendant, David Stevenson, was due to appear for his trial in Superior

One witness at the scene described a dark blue four-door vehicle that was seen fleeing seconds after the shooting. This witness provided a tag number to that vehicle. The number given was 727970. Witnesses observed two people inside of the vehicle. Both were black males.

The tag number was registered to Alisa R. and David S. Brown of 206 West 20th Street, Wilmington.[3] This information was put out as a general broadcast for police agencies to be on the lookout for said vehicle. It was spotted at approximately 8:08 a.m. on the same day in front of 206 West 20th Street. It was occupied by two black males. As the police approached, the vehicle sped off up to Washington Street. It made a right turn going the wrong way on 19th Street. There, the vehicle collided with the curb. The driver's left side tire became disabled. The occupants fled on foot. One occupant, Michael Manley,[4] was apprehended on or about Washington Street. The other occupant, David Stevenson, got onto a bus at 18th Street and Baynard Boulevard. He was apprehended on the bus.[5]

## III. SUPPRESSION ISSUES

### A. The warrantless arrest of each defendant was constitutionally valid.

The law, both federal and State, permits an arrest without a warrant where the arresting officers have "probable cause" to make an arrest, that is, whenever the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to war-

Court on theft charges. Mr. Heath and Mr. Chona investigated the case and were due to testify as witnesses for the State.

The piece of paper was, in effect, abandoned by defendant Stevenson. See California v. Hodari D., 499 U.S. 621, 629, 111 S.Ct. 1547, [1552,] 113 L.Ed.2d 690 (1991); Gholdson v. State, Del.Supr., No. 357, 1993, Moore, J., 1994 WL 175593 (Apr. 29, 1994) (ORDER). See also United States v. Quiroz–Hernandez, 48 F.3d 858, 864 (5th Cir.1995) (finding that a lawful arrest does not amount to such compulsion as to render an otherwise voluntary abandonment involuntary).

rant a prudent person in believing that the arrestees had committed or were committing an offense. *State v. Moore*, Del.Supr., 187 A.2d 807 (1963); *United States ex rel. Hawkins v. Anderson*, 343 F.Supp. 200 (D.Del. 1972); *Jackson v. State*, Del.Supr., 643 A.2d 1360 (1994).

■ "Probable cause" to arrest can appear from the officer's observations of suspects' conduct, including furtive actions. *State v. Moore, supra.* Furtive actions include, of course, flight. *Hovington v. State*, Del.Supr., 616 A.2d 829 (1992).

■ The requisite analysis in determining the sufficiency of "probable cause" for a warrantless arrest is a "totality of the circumstances" test. *Coleman v. State*, Del.Supr., 562 A.2d 1171 (1989), *cert. denied*, 493 U.S. 1027, 110 S.Ct. 736, 107 L.Ed.2d 754 (1990). *See also State v. Maxwell*, Del.Supr., 624 A.2d 926 (1993). By Delaware statute:

> A police officer may make a warrantless felony arrest when a felony has been committed even though before making the arrest the officer had no reasonable ground to believe the person committed it.

11 *Del.C.* § 1904(b)(2).

■ The arresting officer need not personally be apprised of the underlying circumstances which gave rise to a conclusion of probable cause; instead, the officer can act in the belief that another officer's judgment that probable cause exists is correct. *State v. Cooley*, Del.Supr., 457 A.2d 352 (1983).

Here there was more than sufficient probable cause, based upon the totality of the circumstances, to make warrantless arrests of both defendants. Further, since the arrests were valid, the police had the right to seize anything of evidentiary value from the arrestees, including their clothing.

**B. The search of the 1989 Mercury Topaz, Delaware registration 727970, was constitutionally valid.**

■ So long as the police had sufficient probable cause to believe that an automobile is carrying contraband *or evidence*, they may lawfully search the vehicle without a warrant. *Carroll v. United States*, 267 U.S. 132, 153–54, 45 S.Ct. 280, 285, 69 L.Ed. 543 (1925). If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the objects of the search. *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982); *United States v. Johns*, 469 U.S. 478, 484, 105 S.Ct. 881, 885, 83 L.Ed.2d 890 (1985).

■ The justification to conduct a warrantless search does not vanish once the car has been immobilized. *Michigan v. Thomas*, 458 U.S. 259, 261, 102 S.Ct. 3079, 3080–81, 73 L.Ed.2d 750 (1982). There is no requirement that the warrantless search of a vehicle occur contemporaneously with a lawful seizure. *Texas v. White*, 423 U.S. 67, 68, 96 S.Ct. 304, 305, 46 L.Ed.2d 209 (1975); *Chambers v. Maroney*, 399 U.S. 42, 52, 90 S.Ct. 1975, 1981–82, 26 L.Ed.2d 419 (1970).

Delaware law is to the same effect. *See Tatman v. State*, 494 A.2d 1249, 1251–52 (1985); *Barnett v. State*, Del.Supr., No. 460, 1991, Moore, J., 1992 WL 153468 (Jan. 26, 1992) (ORDER). Here, the officers knew that a killing had occurred at the Cavaliers Country Club Apartment within approximately 30 minutes of the apprehension of the two defendants in Wilmington. A description of a vehicle, including the tag number, and a general description of the suspects were provided to the police by witnesses within moments of the shooting. The vehicle was observed by the police in Wilmington approximately 30 minutes after the shooting with two occupants inside. The occupants fled but were almost immediately apprehended. The police clearly had, based upon a totality of the circumstances, probable cause to believe that evidence would be recovered from the suspects' vehicle. They were constitutionally permitted, therefore, to conduct a warrantless search of said vehicle.[6]

**C. The search warrant obtained for the search of the 1989 Mercury Topaz was constitutionally valid.**

■ The Court has reviewed the affidavit of probable cause, (the probable cause sheet)

---

**6.** The Court here assumes that such a warrantless search of the vehicle was conducted. The

record evidence, however, does not mention a warrantless search of the vehicle in question.

attached to the search warrant which was prepared on November 13, 1995. Most of the facts providing a sufficient basis for the warrantless arrest of each defendant were contained in the affidavit.

The affidavit, within its four corners, must establish probable cause for the issuance of a search warrant. Stated differently, sufficient facts must appear on the face of the affidavit so that a reviewing court can verify the existence of probable cause. The affidavit must be considered as a whole. *Edwards v. State*, Del.Supr., 320 A.2d 701 (1974); *Dunfee v. State*, Del.Supr., 346 A.2d 173 (1975).

Here, the Magistrate determined the existence of probable cause by authorizing the issuance of the search warrant. A Magistrate's determination is entitled to great deference by a reviewing court. Such a warrant will not be invalidated by a hyper-technical interpretation of the affidavit. Instead, a common sense interpretation is the standard by which a court reviews the affidavit. *Jensen v. State*, Del.Supr., 482 A.2d 105 (1984).

This Court has undertaken a careful common-sense review of the affidavit and finds that sufficient probable cause exists for the search of the vehicle. Further, the items sought to be seized were sufficiently described by the warrant. 11 *Del.C.* §§ 2306, 2307 and 2309.

## IV. NEED FOR HEARING

An evidentiary hearing need not be set as a matter of course, but only if the motion to suppress alleges facts that, if proved, would require the grant of relief. Factual allegations that are general and conclusory will not suffice. Wright, *Federal Practice And Procedure*, § 645 (1969). *See also United States v. Culotta*, 413 F.2d 1343, 1345 (2nd Cir.1969) (evidentiary hearing not

required where appellant's moving papers contained only the barest factual allegations), *cert. denied*, 396 U.S. 1019, 90 S.Ct. 586, 24 L.Ed.2d 510; *Grant v. United States*, 282 F.2d 165, 170 (2nd Cir.1960) (evidentiary hearing should not be set as a matter of course, but only when the motion alleges facts which, if proved, would require the grant of relief); *United States v. Bellamy*, 436 F.2d 542, 545 (2nd Cir.1971) (motion to suppress for lack of probable cause for search did not require hearing where there was a lack of factual allegations in support of the motion), *cert. denied*, 402 U.S. 929, 91 S.Ct. 1523, 28 L.Ed.2d 862. *See also United States v. Migely*, 596 F.2d 511, 513 (1st Cir. 1979) (defendant must allege facts, sufficiently definite, specific, detailed, and non-conjectural, to enable court to conclude that a substantial claim is presented), *cert. denied*, 442 U.S. 943, 99 S.Ct. 2887, 61 L.Ed.2d 313; *United States v. Poe*, 462 F.2d 195, 197 (5th Cir.1972) (only if allegations are sufficient and factual issues are raised will a hearing on a motion to suppress be required), *cert. denied*, 414 U.S. 845, 94 S.Ct. 107, 38 L.Ed.2d 83. The holdings in the above-cited cases reflect the plain language of Super.Ct.Crim.R. 41(f).[7] Further, there was no affidavit supporting that aspect of the motion which challenged the veracity of the sworn statement used to procure the search warrant. No evidence need be received in such a case. Super.Ct.Crim.R. 41(f).

The Court has determined that no hearing on defendant Stevenson's suppression motion is necessary under the facts of this case. Stated otherwise, the facts, as set forth in the record and in the search warrant affidavit, so clearly lead to the conclusion that the arrests, searches and seizures involved here are predicated upon probable cause that the Court will dispense with a hearing on defendant Stevenson's motion to suppress evidence.

---

7. Super.Ct.Crim.R. 41(f) states, in pertinent part, that upon receipt of a motion to suppress evidence, "[t]he court shall receive evidence on any issue of fact necessary to the decision of the motion...." There are no outstanding issues of fact necessary to decide the motion. The facts have already been developed at the preliminary hearing and the proof positive hearing where

sworn testimony was taken. To the extent that the record evidence is disputed during the trial, the Court will, outside of the jury's presence, reopen the suppression issue and reconsider its conclusions in light of any sworn facts introduced which render a fact already of record a disputed fact.

## V. CONCLUSION

Based upon the foregoing, the Motion to Suppress should be and hereby is **DENIED**.

*It Is So ORDERED.*