# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

|                      |     |                       |
| -------------------- | --- | --------------------- |
|                      | )   |                       |
| STATE OF DELAWARE    | )   |                       |
|                      | )   | I.D. No. 1008008293   |
| v.                   | )   |                       |
|                      | )   |                       |
| MARC TAYLOR,         | )   |                       |
|                      | )   |                       |
| Defendant            | )   |                       |

Submitted: December 14, 2015
Decided:  December 17, 2015

On Defendant's Motion for Postconviction Relief.
**DENIED.**

On Defense Counsel's Motion to Withdraw as Counsel for Petitioner Marc Taylor.
**GRANTED.**

# <u>ORDER</u>

Elizabeth R. McFarlan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Patrick J. Collins, Esquire, Collins & Associates, Wilmington, Delaware, Attorney for Defendant.

COOCH, R.J.

This 17th day of December, 2015, upon consideration of Defendant's Motion for Postconviction Relief and appointed counsel's Motion to Withdraw as Counsel for Petitioner Marc Taylor, it appears to the Court that:

1.  On March 16, 2012, after a 24-day-gang-participation trial, Marc Taylor ("Defendant") was found guilty of Gang Participation; Possession with Intent to Deliver a Narcotic

Schedule II Controlled Substance; Noncompliance with Bond Conditions; two counts of Possession of a Firearm by a Person Prohibited; Assault Second Degree; and Possession of a Firearm During the Commission of a Felony. On May 23, 2012, this Court sentenced Defendant to fifteen-and-a-half years of unsuspended imprisonment.[1]

2. On May 31, 2012, Defendant, through prior counsel, filed a Notice of Appeal with the Delaware Supreme Court. On September 25 Defendant's conviction was upheld.[2] Defendant then filed a *pro se* Motion for Postconviction Relief on November 13, 2013. Present counsel was appointed by this Court on January 9, 2014. Appointed counsel, after reviewing Defendant's claims and the record, ultimately filed a Motion to Withdraw as Counsel for Petitioner, asserting essentially that Defendant's Motion lacked merit.[3] Defendant was informed by appointed counsel that he had 30 days from the filing of the Motion to Withdraw to add any "points" for the Court's Consideration. Defendant filed letters setting forth such points on May 21, July 28, August 31, September 14, and November 18, 2015. In the first four letters, Defendant reasserts the arguments he made in his Motion, asks to have new counsel appointed, and asks the Court for legal advice. In his November 18 letter, Defendant again reasserts his claims for postconviction relief and makes an allegation that his appointed counsel should not have represented him, because of a conflict of interest.[4]

---

[1] Sentencing Order, D.I. 86.

[2] *Taylor v. State*, 76 A.3d 791 (Del. 2013) (rejecting Defendant's arguments that the gang participation statute under which he was convicted was unconstitutionally vague or overbroad; that there was insufficient evidence to convict; and that this Court abused its discretion in allowing hearsay evidence that Defendant shot the victim).

[3] Mot. to Withdraw as Cousnel for Pet'r. Marc Taylor at 1.

[4] In his letter, Defendant asserted that appointed counsel also represented Tyaire Brooks, a State witness who testified at Defendant's trial in hopes of receiving a substantial-assistance motion from the State. Appointed counsel responded to the Court, confirming that he did represent Tyaire Brooks in another case and that Tyaire Brooks did testify in Defendant's trial. Appointed Counsel's Letter, at 1. However, appointed counsel further stated that he

> agreed to take on the Marc Taylor postconviction case when the Office of Conflicts Counsel was having a very difficult time finding conflict-free counsel for him. [Appointed counsel] agreed to take it on the condition that if [he] felt at any point that

3. Defendant asserts four grounds for relief in his Motion. Defendant's first ground is premised on multiple claims of ineffective assistance of counsel. Defendant asserts trial counsel "never followed [his] decisions on motions that [he] requested."[5] Specifically, Defendant requested trial counsel file a motion to sever; motion to suppress; motion for speedy trial; and a motion for an evidentiary hearing. Furthermore, Defendant asserts that he "never received a preliminary hearing to hear any evidence that was brought forth on [him] and [he] never received any case reviews and only was offered a plea a week before [his] trial."[6]

4. The Court has also considered the points raised by Defendant in his various letters submitted post-Motion to Withdraw. Defendant's first ground is multifaceted. His first claim in his first ground for postconviction relief is trial counsel was ineffective, because trial counsel failed to file a motion to sever. In reviewing trial counsel's decision not to file a motion to sever, Delaware courts consider four factors: "(1) problems involving a co-defendant's extra-judicial statements; (2) an absence of substantial independent competent evidence of the movant's guilt; (3) antagonistic defenses as between the co-defendant and the movant; and (4) difficulty in segregating the State's evidence as between the co-defendant and the movant."[7]

5. First, Defendant cannot satisfy the first factor: that there would be problems involving a co-defendant's extra-judicial statements. No statements made by his co-defendant were admitted against him at trial. Similarly, Defendant is unable to satisfy the second factor: whether there is an "absence of

---

[his] representation was compromised, then [he] would move to withdraw. As it turns out, no conflict of interest issues arose in [his] handling Mr. Taylor's postconviction matter.

*Id*

[5] Defendant's Motion for Postconviction Relief at 4, D.I. 125 (Page four of Defendant's Motion is not paginated as the other three pages are. Instead, page four in the reverse side of page three.).

[6] *Id.*

[7] *Floudiotis v. State*, 726 A.2d 1196, 1210 (Del. 1999) (citations omitted).

3

substantial independent competent evidence of the movant's guilt."[8] On all of the charges that Defendant was found guilty, the State presented evidence of Defendant's own conduct to prove guilt.[9]

6. Nor is Defendant able to demonstrate that the third factor: whether the co-defendants waged antagonistic defenses against one another. Defendant's co-defendant did not attempt to show that Defendant was actually guilty of the co-defendant's charges. Rather, his co-defendant attempted to discredit the State's witness and DNA evidence.[10]

7. The only factor that might possibly militate in Defendant's favor is the fourth factor: the difficulty in separating evidence from Defendant and co-defendants for Defendant's conviction of gang participation. However, given the fact that the other factors indicate a motion to sever would have been denied, Defendant was not prejudiced by his trial counsel's decision to not file a motion to sever.

8. Defendant's next assertion in his first ground is trial counsel did not file a motion to suppress evidence. Appointed counsel reviewed Defendant's allegation and "c[ould] find no facts in the record which would have supported such a motion."[11] Counsel did discover that Defendant provided an un-*Mirandized* statement to the police. However, that statement was not used against Defendant at trial.[12] Therefore, Defendant was not prejudiced.

9. The third motion Defendant claims should have been filed is a motion for speedy trial. "The right to a speedy trial attaches as soon as the defendant is accused of a crime through arrest or indictment, whichever occurs first."[13] There are four factors

---

[8] *Id.*

[9] Mot. to Withdraw as Counsel for Pet. Marc Taylor at 13.

[10] Tr. of co-defendant Kevin Rasin's Opening Statement at 90-96.

[11] Mot. to Withdraw as Counsel for Petitioner Marc Talyor, at 14.

[12] *Id.*

[13] *Middlebrook v. State*, 802 A.2d 268, 271 (Del. 2002) (citing *United States v. Marion*, 404 U.S. 307, 320 (1971) (holding a three-year-and-eight-month delay from the time the defendant was indicted until the time of his trial violated his right to a speedy trial as

used by Delaware courts to decide issues of speedy trial.[14] However, "[t]he length of delay is to some degree a triggering mechanism because until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."[15]

10. Defendant was originally arrested on August 10, 2010, for charges relating to drugs, resisting arrest, and failing to comply with bond requirements. He was re-indicted on December 12, 2010, along with six co-defendants for his original charges, plus charges of assault and gang participation. A trial was scheduled and took place February 13, 2012, 18 months after his original arrest.

11. The delay from Defendant's original indictment until his trial does not rise to the level of presumptively prejudicial. Defendant was indicted and then re-indicted on much more serious charges. His second indictment also involved several co-defendants, adding to the case's complexity. A Trial Scheduling Order was issued by this Court and there was no delay with that Order. Therefore, the Defendant's right to speedy trial have not been violated.

12. Next, Defendant asserts that his trial counsel was ineffective, because he did not to file a motion for an unspecified evidentiary hearing. "An evidentiary hearing need not be set as a matter of course."[16] First, a factual basis must be established for relief.[17] Defendant did not state any factual basis that would justify an evidentiary hearing. Further, appointed counsel has "reviewed the record and h[as] not uncovered any facts establishing the need for an evidentiary hearing."[18] Therefore, based on Defendant's conclusory assertion that a motion for evidentiary hearing should have been filed, and appointed

---

guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 7 of the Delaware Constitution).

[14] *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 533 n. 36 (1972)).

[15] *Id.* at 273-74.

[16] *State v. Manley*, 706 A.2d 535, 540 (Del. Super. 1996).

[17] *Id.*

[18] Mot. to Withdraw as Counsel for Pet'r Marc Taylor at 16.

counsel's statement that there is no basis for such a motion, the Court finds that this claim lacks merit.

13.    Defendant's next claim for relief under ground one is that he was never afforded a preliminary hearing or a case review prior to trial.    Defendant's claim that he was never afforded a preliminary hearing is unfounded.  Defendant attended a preliminary hearing on August 20, 2010, ten days after he was first arrested.[19]  Furthermore, Defendant's assertion that he did not receive a case review is conclusory and does not establish, or even state, that Defendant experienced any prejudice.  Also, after reviewing the Defendant's assertions, appointed counsel was unable to identify any prejudice.  Therefore, this claim lacks justification for relief.

14.    Defendant's final claim under ground one is that his trial counsel was ineffective, because he was only offered a plea agreement one week before trial.  The timing of when Defendant was offered a plea agreement from the State does not entitle him to postconviction relief.

15.    Defendant's second ground for relief is that witnesses "lied" in order to earn immunity for themselves in a plea agreement with the State.  Also, Defendant alleges that police witnesses committed perjury when they testified against him at trial.  Appointed counsel "c[ould] find no basis in the record to support allegations that witnesses lied under oath, or that their testimony, including whether they received a benefit in exchange for that testimony, was not subjected to cross-examination at trial."[20]  Again, Defendant does not include any factual allegations to substantiate his claim.  Therefore, since his claim is conclusory, and his appointed counsel could find no basis for the claim, Defendant's assertion of perjury lacks merit.

16.    Defendant's third ground for relief asserts that the State offered insufficient evidence to convict him of the charge of Gang Participation.  In support of this claim, Defendant stated that the members of his gang who testified "stated that either they

---

[19] D.I. 1.
[20] Mot. to Withdraw as Counsel for Pet'r Marc Taylor at 17.

didn't know [him] or that [he] wasn't a member and never seen [sic] [him] before."[21]

17.   This claim was rejected by the Delaware Supreme Court on Defendant's direct appeal.[22]  Therefore, the Court will not analyze the merit of Defendant's third ground for relief, because the claim has been previously adjudicated.[23]

18.   Defendant's final ground for relief is that appellate counsel (who was different than trial counsel) was ineffective, because appellate counsel failed to raise the issue of perjurious and inconsistent testimony on Defendant's direct appeal.  That claim was addressed in Defendant's second ground for postconviction relief.  Also, appointed counsel "did not find that such a claim could be ethically advocated in an amended motion for postconviction relief."[24]  Since that claim has already been addressed, Defendant's fourth ground for relief lacks merit.[25]

Therefore, Defendant's Motion for Postconviction Relief is **DENIED**.
Appointed counsel's Motion to Withdraw as Counsel for Marc Taylor is **GRANTED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc:   Prothonotary
      Investigative Services

---

[21] Def's. Mot. for Postconviction Relief at 3.

[22] *Taylor v. State*, 76 A.3d 791, 799 (Del. 2013) ("There was sufficient evidence for a reasonable juror to find that Taylor was an active participant in the TrapStars gang. He sold drugs to Rasin, held guns for the TrapStars, obtained guns for other members, was present during the commission of several violent crimes, and discarded used firearms.").

[23] Super. Ct. Crim. R. 61(i)(4).

[24] Mot. to Withdraw as Cousnel for Pet'r Marc Taylor at 20.