IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        :        ID No. 2002014437
                                :        In and for Kent County
       v.                     :
                                :
KIMBERLY TRIBBETT,        :
                                :
       Defendant.        :
                                :

**ORDER**

Submitted: September 15, 2020
Decided:  October 1, 2020

On this 1st day of October, 2020, having considered Defendant Kimberly Tribbett's motion to suppress evidence, it appears that:

1.  The State charges Ms. Tribbett with driving under the influence of alcohol and making an improper lane change.  She moves to suppress evidence obtained after her arrest.  She alleges that there was no probable cause to justify her arrest for driving under the influence.

2.  After reviewing her motion, the Court must summarily deny it.   Namely, the motion, on its face, demonstrates that suppression is inappropriate.   When the Court accepts all facts alleged in the motion as true, it asserts no basis to conduct an evidentiary hearing or to grant relief.[1]

3.  Specifically, Ms. Tribbett alleges the following regarding her February 23, 2020 arrest:  a Harrington Police officer observed her leave her lane of travel when driving; upon officer contact, she emitted a faint odor of alcohol; she then failed

_____

[1] *State v. Manley*, 706 A.2d 535, 540 (Del. Super. 1996).

standardized field sobriety tests; and she failed an on-the-scene portable breath test.[2] The motion alleges no other relevant facts.

4. When accepting everything alleged in Ms. Tribbett's motion as true, the Harington officer had probable cause to believe that she was under the influence of alcohol. Accordingly, the Court denies the motion without the need for a State response or an evidentiary hearing.[3]

WHEREFORE, Defendant Kimberly Tribbett's motion to suppress is **DENIED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

oc: Prothonotary
sc: Jason Cohee, DAG
     John Garey, Esquire

---

[2] Def. Mot. at ¶ 2, 3, and 4.

[3] *See State v. Wilson*, 2008 WL 2192815, at *2 (Del. Super. May 23, 2009) (also recognizing that evidentiary hearings need not be set as a matter of course, but rather only if the suppression motion alleges facts, that if proved, would require relief).