# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       :

                          : Def. ID No. 2001005799

        v.                 :

                          :

TYLER EDDY               :

                          :

      Defendant.         :

Submitted: October 7, 2020
Decided: October 9, 2020

## MEMORANDUM OPINION AND ORDER

*Upon Defendant's Motions to Suppress:*

## DENIED

Eric G. Mooney, Esquire, Mooney & Andrew, P.A., 11 South Race Street, Georgetown, DE 19947

Michael Tipton, Esquire, Department of Justice, 114 E. Market Street, Georgetown, DE 19947

**KARSNITZ, J.**

I considered Defendant's two motions to suppress evidence at an office conference on October 7, 2020. I verbally denied the motions. I explain my reasoning further here.

Defendant has been charged with his third offense driving under the influence and speeding. His motion attacks whether probable cause was shown to justify his arrest, as well as the draw of his blood. The latter is based on the officer's affidavit filed in support of the request for a warrant for the draw of his blood.

With respect to the challenge to the arrest, Defendant baldly challenges the alphabet, counting and HCN tests, contending he performed them adequately. He also alleges the officer did not follow appropriate guidelines in administering the tests, with no factual support indicated in the motion. Finally, Defendant asserts generally the officer had no probable cause, and that the Alcohol Influence Report prepared by the officer would not support a finding of probable cause to support an arrest.

In his motion challenging the affidavit presented to a magistrate to justify a draw of Defendant's blood, he alleges generally no probable cause was shown, and specifically that the affidavit:

> (1) Fails to identify the performance of the alphabet and counting tests, (only stating there were "indicators

of impairment").

(2)     Those tests are not statistically relevant, and
(3)     The HGN test was not done in compliance with proper procedure.

The affidavit filed by the Delaware State Trooper indicates the following:

(1)     She observed Defendant driving at 80 miles per hour on Delaware Route 1 heading northbound near Rehoboth Beach.  He reduced his speed to 75 miles per hour as he passed her vehicle.

(2)     She observed the vehicle until she was able to conduct a traffic stop.

(3)     Upon contact with the officer she detected a strong odor of alcohol.  She also observed Defendant's glassy eyes and droopy eyelids.  He looked dazed and his speech was slow, slurred and he mumbled.

(4)     Defendant requested permission to call his parents to tell them "he was going to jail".

(5)     When Defendant exited his vehicle the trooper smelled a strong odor of alcohol from his person.

(6)     The officer conducted the ABC and counting tests and she noted indicators of impairment and Defendant was unable to complete the test.

(7)     The trooper conducted the Horizontal Gaze Nystagmus test, and observed 6 of 6 clues, and the presence of Vertical Gaze Nystagmus.

(8)    The trooper asked Defendant to complete the walk and turn test. Defendant stated he had screws in one of his ankles, but would do the test. Defendant was unable to stay in the starting position and then stated he would not complete the test. When the trooper again explained the test, Defendant stated he would not do it.

The facts listed in paragraphs one through eight come from the trooper's affidavit.

In my opinion the facts listed in the affidavit provided ample probable cause to support the arrest and the warrant for the blood draw. The standard for probable cause is well established, and the magistrate's decision is given due deference. The odor of alcohol, slurred speech, glassy eyes, and admission to his parents that he was going to jail alone, would have satisfied the standard. The trooper's general description of Defendants performance on the tests could have been more detailed, but simply added to what was established.

At the argument on the motion, Defendant contended he was entitled to a hearing to cross-examine the officer. In most cases I would agree. However, in this case the Defendant's allegations are so general, and the facts of the affidavit detailed enough, that in my opinion a hearing is unwarranted.

The Superior Court in *State v. Manley*[1], a capital case, said the following which applies here:

> An evidentiary hearing need not be set as a matter of course, but only if the motion to suppress alleges facts that, if proved, would require the grant of relief. Factual allegations that are general and conclusory will not suffice.[2]

In my opinion that is the same circumstance presented here. I do not reject the request for a hearing lightly. But I also do not spend the prosecutor's, the court's, or the Defendant's resources lightly. In my opinion the general facts alleged by Defendant do not warrant an evidentiary hearing.

**The Motions are Denied.**

Craig A. Karsnitz

lml/
cc:     Prothonotary

FILED PROTHONOTARY SUSSEX COUNTY 2020 OCT -9 P 2: 29

---

[1] 706 A.2d 535 (1996).

[2] Id., at 540