# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | I.D. No. 2012003351 |
| v. | ) | |
| | ) | |
| GABRIEL KANIECKI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: November 2, 2021
Decided: November 4, 2021

*Upon State's Motion to Summarily Dismiss Defendant's Motion to Suppress*
**GRANTED IN PART**

*Upon Defendant's Motion to Suppress*
**DENIED WITHOUT PREJUDICE**

*Upon Defendant's Motion to File Suppression Hearing Outside of Scheduled Time and to Have the Court Deny the State's Motion to Dismiss*
**DENIED WITHOUT PREJUDICE**

This matter is before the Court on Defendant's Motion to Suppress, the State's Motion to Summarily Dismiss Defendant's Motion to Suppress, and Defendant's Motion to File Suppression Hearing Outside of Scheduled Time and to Have the Court Deny the State's Motion to Dismiss. For the reasons set forth below, the State's motion is **GRANTED IN PART**, and Defendant's motions are **DENIED WITHOUT PREJUDICE** and with leave to re-file an appropriate motion to suppress within 10 days from the date of this order.

## FACTUAL AND PROCEDURAL BACKGROUND

1.    Defendant Gabriel Kaniecki (hereinafter "Defendant") was indicted by a grand jury on June 7, 2021, on multiple charges, including Possession of a Firearm by a Person Prohibited and Drug Dealing.

2.    On September 23, 2021, Defendant filed a motion to suppress evidence seized as the result of a traffic stop and a subsequent search warrant.

3.    On September 28, 2021, the State filed a motion to summarily dismiss Defendant's motion to suppress.

4.    Also on September 28, 2021, Defendant filed a motion seeking leave to file an amended motion to suppress out of time.  Before the Court could act on that motion, Defendant filed an amended motion to suppress on October 6, 2021.

5.    On November 1, 2021, the State filed a letter in response to Defendant's September 28 motion in which the State opposed Defendant's motion for leave to file out of time and, in the alternative, requested summary dismissal of Defendant's amended motion to suppress.  Defendant filed an additional response letter on November 2, 2021.

## DISCUSSION

6.    The State argues that both Defendant's original motion to suppress and its amended motion to suppress lack specific statements of fact and statements of legal authority sufficient to give the State "reasonable notice of the issues" or to allow the Court "to determine what proceedings are appropriate to address them."[1] The Court finds persuasive the State's arguments as to the insufficiency of both the original motion and the amended motion.

7.    A movant seeking suppression of evidence has an obligation to present both a specific statement of facts and a statement of legal authority so as to persuade

---

[1] *State v. Dunson*, No. 1612008614, slip op. at 2-3 (Del.Super. July 7, 2017)

the Court to grant its motion.[2] Neglect of this obligation may lead the Court to determine that a hearing or further consideration of the motion is unnecessary.[3] The Court invites practitioners to consider motions to suppress as analogous to a pleading or an oral objection to the admissibility of evidence made during the course of trial—*i.e.,* requiring a high degree of specificity.[4] "General and conclusory allegations are not sufficient to trigger a hearing."[5] Motions that lack sufficient factual allegations and statements of law force the Court into the role of counsel, making the parties' best arguments for them, and raising issues they themselves did not raise. This is inappropriate in our adversarial system.[6]

8.      In this case, Defendant's original motion and his amended motion are identical, with the exception of limited case authority added to the amended motion and cited generally, without explanation, in support of the proposition that a search warrant for a cell phone must identify a legal nexus between the phone and the

---

[2] Del. Super. Ct. Crim. R. 41(f) ("the motion shall . . . state the grounds upon which it is made with sufficient specificity to give the state reasonable notice of the issues and enable the court to determine what proceedings are appropriate to address them."); *State v. Wilson*, 2008 WL 2192815, at *1 (Del. Super. May 23, 2008) (denying a motion to suppress without a hearing when the motion was "completely devoid of legal authorities and facts relied on"); *State v. Manley,* 706 A.2d 535, 540 (Del. Super. Sep. 17, 1996) (holding that motions lacking sufficient factual allegations may be summarily dismissed).

[3] *State v. Small*, 2010 WL 2162898, at *1 (Del. Super. May 27, 2010). *See* 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 675 (3d ed. 2004) ("An evidentiary hearing need not be set as a matter of course, but only if the motion [to suppress] alleges facts that, if proved, would require the grant of relief. Factual allegations that are general and conclusory or based upon suspicion and conjecture will not suffice.").

[4] *See* Wayne R. LaFave, et al., Search and Seizure § 11.2(a), at 38 (4th ed. 2004) (*citing State v. Johnson*, 16 Or. App. 560, 567(1974)).

[5] *Wilson*, 2008 WL 2192815 at *1.

[6] *Gonzalez v. Caraballo*, 2008 WL 4902686, at *3 (Del. Super. Nov. 12, 2008) ("Courts throughout the country hold that they are not obligated to do 'counsel's work for him or her.'").

alleged contraband.  Both motions evince a paucity of factual support and legal authority supporting Defendant's request for suppression of evidence.  For example,

(a)     The motions assert that the vehicle in which Defendant was a passenger was stopped by police without probable cause but fail to provide any factual basis for that assertion;

(b)     The motions assert that Defendant has standing to contest the vehicle stop but provide no legal authority for that proposition;

(c)     The motions note that Defendant gave a statement following the stop but fail to indicate either the substance of that statement or whether Defendant is seeking suppression of the statement;

(d)     The motions challenge the search of Defendant's cell phone pursuant to a search warrant, alleging that "the search of the phone exceeded the application's boundaries," but fail to provide any details concerning the manner in which the search allegedly exceeded those boundaries or even what those boundaries were—indeed, neither motion provides a copy of the search warrant or describes the contents of the warrant.

9.     Because the original motion and the amended motion are insufficient, the Court will grant the State's motion in part and will summarily dismiss, without prejudice, Defendant's original motion to suppress.  Furthermore, because the amended motion is insufficient as well, the Court will deny without prejudice Defendant's request to file the amended motion to suppress out of time.  However, the Court will allow Defendant additional time to file a motion to suppress containing sufficient factual explanation and legal authority both to place the State on notice of Defendant's contentions and to allow the Court properly to consider

them.  In so holding, the Court notes Delaware's strong public policy in favor of allowing cases to be decided on their merits.[7]

WHEREFORE, the State's Motion to Summarily Dismiss Defendant's Motion to Suppress is **GRANTED IN PART**, in that Defendant's original motion to suppress is summarily **DENIED WITHOUT PREJUDICE**.  Furthermore, Defendant's Motion to File Suppression Hearing Outside of Scheduled Time and to Have the Court Deny the State's Motion to Dismiss is also **DENIED WITHOUT PREJUDICE**, in that Defendant will be provided an additional ten (10) days from the date of this Order to file a motion to suppress that provides sufficient factual explanation and legal authority to allow this Court to consider it.

**IT IS SO ORDERED.**


/s/Noel Eason Primos
Judge


NEP/wjs
*Via Email & U.S. Mail*
oc:   Prothonotary
        Kevin B. Smith, Esquire
        James E. Liguori, Esquire

---

[7] *See*, *e.g.*, *Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013) (in deciding whether trial court had abused its discretion by refusing to reopen summary judgment where non-moving party had missed applicable deadline, Court noted public policy in favor of deciding cases on the merits); *Weston v. State*, 554 A.2d 1119, 1121 (Del. 1988) (allowing notice of appeal to be amended so that case could be decided on its merits).