# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            :
                                        :    I.D. No.   2209014188

        v.                :

                                         :

JOSHUA ROUSSELL,           :

                                         :

        Defendant.          :

## ORDER

Submitted:  April 5, 2023
Decided:     April 24, 2023

***Upon the State's Motion to Strike Defendant's Motion to Suppress – GRANTED, without prejudice***

On this 24th day of April 2023, after considering the State's motion to strike Defendant Joshua Roussell's motion to suppress, and Mr. Roussell's opposition, it appears that:

1. A grand jury indicted Mr. Roussell for Possession of a Firearm during the Commission of a Felony, Reckless Endangering First Degree, Aggravated Menacing, and Offensive Touching. Mr. Roussell then filed a motion to suppress evidence from use at trial. The State counters by moving to strike his motion because it does not meet Superior Court Criminal Rule 41(f)'s specificity requirements.

2. A movant seeking to suppress evidence must allege facts and provide legal authority that would warrant granting the motion if the facts are proven true

and the legal authority applicable.[1] In this vein, a movant's conclusory allegations, without more, are insufficient to trigger an evidentiary hearing.[2]

3. The State contends that Mr. Roussell's motion does not allege sufficient facts and legal authority (1) to provide the State adequate notice of what he claims, or (2) to permit the Court to determine what kind of proceedings are necessary to address it.[3] The State further contends that the Court should not hold an evidentiary hearing on the matter because he included insufficient detail in the motion, which in turn, makes summary dismissal appropriate.[4]

4. Here, the State correctly recognizes that Mr. Roussell's motion contains only conclusory allegations and recites no legal authority. As structured, his motion does not provide the State sufficient notice regarding what he alleges to have been unlawful police conduct. As a result, the State, as the opposing party, cannot adequately respond to it. Furthermore, the motion does not provide the Court sufficient information to determine what proceedings would be necessary to address it.

5. Accordingly, the Court grants the State's motion to strike. Because the Court recognizes Delaware's public policy that favors deciding cases on their

---

[1] *See* Super. Ct. Crim. R. 41(f) (requiring that "the motion . . . state the grounds upon which it is made with sufficient specificity to give the state reasonable notice of the issues and enable the court to determine what proceedings are appropriate to address them."); *State v. Wilson*, 2008 WL 2192815, at *1 (Del. Super. May 23, 2008) (denying a motion to suppress without a hearing when the motion was "completely devoid of legal authorities and facts relied upon"); *State v. Manley*, 706 A.2d 535, 540 (Del. Super. 1996) (holding that motions to suppress without sufficient factual allegations may be summarily dismissed).

[2] *Wilson*, 2008 WL 2192815, at *1.

[3] *See Turner v. State*, 957 A.2d 565, 572 (Del. 2008) (citing these requirements taken from Super. Crim. R. 41(f)).

[4] *See State v. Small*, 2010 WL 2162898, at *1 (Del. Super. May 27, 2010) (denying a motion to suppress summarily where a party failed to cite legal authority); *see also* 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 675 (3d ed. 2004) (recognizing that evidentiary hearings are required only if the motion alleges sufficient facts that, if proved, would require the Court to grant relief, as opposed to general or conclusory claims, or ones based upon suspicion and conjecture).

merits,[5] the motion is granted without prejudice.  Mr. Roussell may file a Rule 41(f) compliant amended motion within ten days from the date of this Order.  If he files an amended motion, it must recite sufficient facts and legal authority to permit the State to respond.

6.     This Order will impact the trial schedule.   Mr. Roussell's final case review will be redesignated as a control date on April 25, 2023.  The final case review and trial are continued to create an adequate buffer to permit the State twenty days to respond to any renewed motion.  If an evidentiary hearing on the amended motion is necessary, the Court will contact counsel to schedule a hearing prior to the first day of trial.

WHEREFORE, for the foregoing reasons, the State's motion to strike Defendant Joshua Roussell's motion to suppress is **GRANTED, without prejudice.**

**IT IS SO ORDERED.**


/s/Jeffrey J Clark
Resident Judge


oc:     Prothonotary
        Counsel of Record


---

[5] *Weston v. State*, 554 A.2d 1119, 1122 (Del. 1989).

3